**MORTGAGE RECOVERY LAW GROUP, LLP**
PAUL A. LEVIN (State Bar No. 229077)
LAUREN M. GIBBS (State Bar No. 251569)
550 North Brand Boulevard, Suite 1100
Glendale, California 91203
Telephone: (818) 630-7900 Facsimile: (818) 630-7920
e-mail: plevin@themrlg.com, lgibbs@themrlg.com

**FEDERAL DEPOSIT INSURANCE CORPORATION**
DOUGLAS T. HOFFMAN (to seek admission pro hac vice)
3501 Fairfax Avenue, Room B-7052
Arlington, VA 22226
Telephone: (703) 516-5383
e-mail: dohoffman@fdic.gov

Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>GUILD MORTGAGE COMPANY LLC, a California limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR CONTRACTUAL INDEMNITY** |

COMPLAINT

**INTRODUCTION**

1. Pursuant to written agreements, defendant Guild Mortgage Company LLC ("Guild" or "Defendant") brokered mortgage loans for Washington Mutual Bank and/or its subsidiaries, including Long Beach Mortgage Company (collectively, "WaMu"). As part of their agreements, Guild promised to indemnify WaMu for any losses arising either directly or indirectly, or in any way as a result of an inaccurate or incomplete application or other documentation for loans brokered by Guild.

2. After WaMu funded the loans from Guild, WaMu sold Guild-brokered loans into residential mortgage-backed securitized trusts ("RMBS Trusts") for which Deutsche Bank National Trust Company served as trustee ("Trustee"). The Trustee ultimately asserted claims that it suffered losses because of defective loans sold into the RMBS Trusts, including at least 14 mortgage loans brokered by Guild ("Guild Defective Loans").

3. Plaintiff Federal Deposit Insurance Corporation as Receiver for WaMu ("FDIC-R" or "Plaintiff") incurred losses settling the Trustee's claims. FDIC-R's losses resulted from inaccurate or incomplete loan applications or other documentation prepared by or at the direction of Guild including, *inter alia*, Guild's submission of loan applications and supporting material that misrepresented such things as the borrowers' credit histories, employment status, income, or occupancy status.

4. FDIC-R demanded that Guild honor its written contractual indemnification obligation. Because Guild has not honored its obligations, FDIC-R brings this action as successor to WaMu's rights, titles, powers, and privileges.

# PARTIES, JURISDICTION, AND VENUE

5. The Federal Deposit Insurance Corporation is an instrumentality of the United States and is organized and exists under the laws of the United States. 12 U.S.C. §§ 1811, 1821(d). Pursuant to 12 U.S.C. § 1821(d)(2), FDIC-R succeeded to all rights, titles, powers, and privileges of WaMu and of any stockholder, member, account holder, depositor, officer, or director of WaMu with respect to the bank and its assets. FDIC-R brings this action in its capacity as the duly appointed receiver of WaMu, which the Office of Thrift Supervision closed on September 25, 2008, appointing FDIC as Receiver for WaMu that same day.

6. Guild is a California limited liability company with its principal place of business in San Diego, California, and is registered and licensed to do business in California.

7. This Court has subject-matter jurisdiction pursuant to 12 U.S.C. § 1819(b)(1) and (2) and 28 U.S.C. §§ 1331 and 1345.

8. Guild contractually agreed to venue in this district. *See* Broker Agreement ("Agreement"), ¶ 21, attached hereto as Exhibit 1. Venue is also proper in this district pursuant to 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district because, among other things, the contractual business relationship was entered into by WaMu in this district and the place of performance for all or some of the obligations sued upon was in this district. Venue is also proper in this district because Guild resides in this district in that it is subject to the court's personal jurisdiction with respect to the action at issue.

# FACTUAL ALLEGATIONS

9. WaMu was a federal savings bank that, directly or through affiliates and/or subsidiaries, among other things, purchased, funded, and sold mortgage loans to investment trusts that packaged loans into securities for investors, which are generally known as residential mortgage-backed securities.

10. On information and belief, Guild engaged in the business of brokering, originating, processing, packaging, submitting for funding, selling and/or transferring loans secured by real property.

**A. Guild's Contractual Obligations**

11. Guild and WaMu had a contractual business relationship, governed by one or more mortgage broker agreements including the Broker Agreement ("Agreement") attached hereto as Exhibit 1.

12. Under the Agreement, Guild agreed to "prepare and complete applications for loans to be secured by mortgages which shall meet all applicable requirements established by [WaMu] at its sole and absolute discretion." Guild further agreed it would "obtain factual data, at its own expense, relating to the loan application, necessary to the proper and accurate completion of such application[.]"

13. Guild was compensated for any loans funded by WaMu.

14. Pursuant to the Agreement, Guild expressly agreed to indemnify WaMu as follows:

> [Guild] will indemnify, defend and hold [WaMu] … harmless from any and all costs, claims, charges, actions, causes of action, losses or liability arising either directly or indirectly, regardless of any indemnitee's negligence, by reason of [Guild]'s negligence, a breach of the terms or conditions of this Agreement, or in any way as a result of an inaccurate or incomplete application or other documentation prepared by or at the direction of [Guild].

**B. The Guild Defective Loans**

15. As noted above and set forth in more detail below, the Trustee asserted claims against the FDIC-R based on WaMu's sale of defective loans into the RMBS Trusts, including the Guild Defective Loans. As a result, FDIC-R incurred losses in connection with the Guild Defective Loans.

16. Pursuant to the Agreement, Guild brokered the 14 Guild Defective Loans summarized on Exhibit 2 attached hereto.

17. The Guild Defective Loans failed to meet "all applicable requirements" and "terms or conditions of [the] Agreement", and contained inaccurate and incomplete applications or other documentation, because of misrepresentations in the application materials, including but not limited to misrepresentations relating to the quality and characteristics of the loans, the borrowers, and the collateral.

18. As an example, the loan documents for borrower TA contained numerous deficiencies, inaccuracies, and material misrepresentations. Guild prepared and submitted loan application documents for TA utilizing a false social security number. In addition, the verification of rent was an ineligible source of credit history as it was signed by an undisclosed relative of TA instead of an independent third party as specifically required by WaMu.

19. As another example, Guild prepared and submitted loan application documents representing that VM would purchase the property with the co-borrower, a family member, and that VM would also occupy the property. Such representations in the loan documents were inaccurate. VM was a straw borrower as VM's credit was provided solely so that VM's family member could purchase the property. In addition, VM did not occupy the property.

**C. WaMu Sale of the Guild Defective Loans to the RMBS Trusts**

20. After WaMu funded the Guild Defective Loans, WaMu sold each of them to the RMBS Trusts.

21. In connection with such sales, and in reliance on the materials, representations, obligations, and remedies Guild provided, WaMu provided similar representations, obligations, and remedies to the RMBS Trusts as those made by Guild regarding the quality and characteristics of the loans, the borrowers, and the collateral.

22. The RMBS Trusts suffered losses resulting from defective loans that WaMu sold to the RMBS Trusts, including the Guild Defective Loans.

COMPLAINT

**D. FDIC-R's Settlement with Trustee**

23. On December 30, 2008, Trustee filed a proof of claim with FDIC-R asserting that WaMu sold the RMBS Trusts defective loans. On August 26, 2009, Trustee filed a lawsuit in the District Court for the District of Columbia against FDIC-R for losses resulting from defective loans that WaMu sold to the RMBS Trusts, including the Guild Defective Loans.

24. FDIC-R was liable for the losses due to breaches of WaMu's representations and obligations concerning the quality and characteristics of the loans, the borrowers, and the collateral on certain loans sold into the RMBS Trusts, which loans included the Guild Defective Loans. Given Guild's role and conduct in connection with the Guild Defective Loans, including Guild's relationship to the borrowers and that the loan information, documentation, and application packages were prepared, gathered, and submitted by Guild, FDIC-R's liability exposure to the Trustee arose out of inaccurate or incomplete loan applications or other documents prepared by or at the direction of Guild.

25. FDIC-R defended itself against the claims in the Trustee's lawsuit and eventually settled with the Trustee.

26. On June 30, 2017, the Superior Court of the State of California approved Trustee's application to accept a settlement of its claims against the FDIC-R for the FDIC-R's payment of more than $3 billion, including claims arising out of or relating to the Guild Defective Loans. Settlement of the Trustee's claims for that court-approved amount was objectively reasonable. On September 8, 2017, FDIC-R issued a $3,006,929,660 Receivership Certificate in settlement of Trustee's claims, thereby suffering a loss under the Agreement indemnification provision. FDIC-R's claims are timely because they are brought within six years of the date FDIC-R suffered a loss. 12 U.S.C. § 1821(d)(14).

### E. Guild's Breach of the Indemnification Obligation

27. On June 23, 2021, FDIC-R sent a demand letter to Guild seeking indemnification for its losses arising out of Guild's acts and omissions in connection with the Guild Defective Loans. Guild has not honored its obligation to indemnify under the Agreement.

28. The Agreement provides that the prevailing party in any action to enforce it may recover its reasonable attorneys' fees. In order to enforce Guild's obligations under the Agreement, FDIC-R has retained the firm of Mortgage Recovery Law Group, LLP and agreed to pay it reasonable attorneys' fees. In addition, FDIC-R has assigned in-house counsel to assist in actively preparing to bring this case to trial.

29. All conditions precedent to the relief sought in this action have been fulfilled.

## CLAIM FOR RELIEF

### (Contractual Indemnification)

30. Plaintiff FDIC-R incorporates by reference the allegations set forth above as though set forth fully herein.

31. The Agreement is a valid and enforceable contract.

32. Plaintiff substantially performed all its obligations under the Agreement.

33. In connection with settlement of the claims involving the Guild Defective Loans, FDIC-R incurred substantial losses and damages resulting from inaccurate or incomplete applications or other documentation for loans brokered by Guild.

34. FDIC-R is entitled to indemnification from Guild for the losses FDIC-R suffered settling the Trustee's claims.

35. Guild breached its obligation to indemnify FDIC-R, resulting in damage to FDIC-R in an amount to be proven at trial.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff FDIC-R respectfully requests that it be granted:

A. A judgment against Guild in an amount to be proven at trial for its breach of its indemnification obligation;

B. Pre-judgment interest under 12 U.S.C. § 1821(l) or applicable state law;

C. Reasonable attorneys' fees;

D. Costs and expenses; and

E. Any other relief as the Court deems just and proper.

DATED: October 6, 2022

MORTGAGE RECOVERY LAW GROUP, LLP

By: /s/ Paul A. Levin
Paul A. Levin
Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank

DATED: October 6, 2022

FEDERAL DEPOSIT INSURANCE CORPORATION

By: /s/ Douglas T. Hoffman
Douglas T. Hoffman (to seek admission to pro hac vice)
Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank