James W. Brody, Esq. (SBN 212967)
Richard C. O'Hare, Esq. (SBN 167960)
JOHNSTON | THOMAS, Attorneys at Law, PC
1400 N. Dutton Avenue, Suite 21
Santa Rosa, California 95401
Phone:     (707) 545-6542
Facsimile: (707) 545-1522
E-mails:    jbrody@johnstonthomas.com
            rohare@johnstonthomas.com

Attorneys for Defendant
GUILD MORTGAGE COMPANY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK, <br><br> Plaintiff, <br><br> v. <br><br> GUILD MORTGAGE COMPANY, LLC, a California limited liability company, <br><br> Defendant. | Case No.: 8:22-cv-01832-CJC(JDEx) <br><br> **DEFENDANT GUILD MORTGAGE COMPANY, LLC'S ANSWER TO THE COMPLAINT** |

Defendant Guild Mortgage Company, LLC ("Guild" or "Defendant"), by and through its counsel, does hereby answer and assert affirmative defenses to Plaintiff's Complaint as follows:

## ANSWER

1.      Guild admits the allegations of the first sentence of paragraph 1 of the Complaint.   The second sentence of paragraph 1 of the Complaint contains only legal argument to which no answer is required.   To the extent and answer is required to the second sentence of paragraph 1, Guild denies any and all allegations therein.

2.      Guild is without sufficient information to admit or deny the allegations of paragraph 2 of the Complaint, and on that basis denies them.

3.      Guild is without sufficient information to admit or deny the allegations of

paragraph 3 of the Complaint, and on that basis denies them.

4.      Answering paragraph 4 of the Complaint, Guild admits that Federal Deposit Insurance Corporation as Receiver for Washington Mutual ("FDIC-R" or "Plaintiff") demanded that Guild indemnify the FDIC-R for alleged losses.  Guild is without sufficient information to admit or deny the remaining allegations of paragraph 4 of the Complaint, and on that basis denies them.

## PARTIES, JURISDICTION, AND VENUE

5.      Guild admits the allegations of the first sentence of paragraph 5 of the Complaint.  Guild is without sufficient information to admit or deny the remaining allegations of paragraph 5 of the Complaint, and on that basis denies them.

6.      Guild admits the allegations of paragraph 6 of the Complaint.

7.      Guild admits the allegations of paragraph 7 of the Complaint.

8.      Guild admits the allegations of paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.      Guild is without sufficient information to admit or deny the allegations of paragraph 9 of the Complaint, and on that basis denies them.

10.     Guild admits the allegations of paragraph 10 of the Compliant.

**A. Guild's Contractual Obligations**

11.     Guild admits the allegations of paragraph 11 of the Compliant

12.     Paragraph 12 of the Complaint contains only legal argument to which no answer is required.

13.     Guild is without sufficient information to admit or deny the allegations of paragraph 13 of the Complaint, and on that basis denies them.

14.     Paragraph 14 of the Complaint contains only legal argument to which no answer is required.

**B. The Guild Defective Loans**

15.     Guild is without sufficient information to admit or deny the allegations of

paragraph 15 of the Complaint, and on that basis denies them.

16.     Answering paragraph 16 of the Complaint. Guild admits that it brokered the loans summarized in Exhibit 2.  Guild denies any remaining allegations of paragraph 16

17.     Paragraph 17 of the Complaint contains only legal argument to which no answer is required.  To the extent and answer is required to paragraph 17, Guild denies any and all allegations therein.

18.     Guild is without sufficient information to admit or deny the allegations of paragraph 18 of the Complaint, and on that basis denies them.

19.     Guild is without sufficient information to admit or deny the allegations of paragraph 19 of the Complaint, and on that basis denies them.

**C. WaMu Sale of the Guild Defective Loans to the RMBS Trusts**

20.     Guild is without sufficient information to admit or deny the allegations of paragraph 20 of the Complaint, and on that basis denies them.

21.     Guild is without sufficient information to admit or deny the allegations of paragraph 21 of the Complaint, and on that basis denies them.

22.     Guild is without sufficient information to admit or deny the allegations of paragraph 22 of the Complaint, and on that basis denies them.

**D. FDIC-R's Settlement with Trustee**

23.     Guild admits the allegations of paragraph 23 of the complaint.

24.     Guild is without sufficient information to admit or deny the allegations of the first sentence of paragraph 24 of the Complaint, and on that basis denies them.  Guild denies the allegations contained in the second sentence of paragraph 24 of the Complaint.

25.     Guild admits the allegations of paragraph 25 of the Compliant.

26.     Answering the first sentence of paragraph 26 of the Complaint, Guild admits that on June 30, 2017, the Superior Court of the State of California approved Trustee's application to accept a settlement of its claims against the FDIC-R for the FDIC-R's payment of more than $3 billion. Guild is without sufficient information to admit or deny the remaining

**DEFENDANT GUILD MORTGAGE COMPANY, LLC'S ANSWER TO PLAINTIFF FDIC-R'S COMPLAINT**

allegations of the first sentence of paragraph 27 of the Complaint, and on that basis denies them. Guild is without sufficient information to admit or deny the allegations of the second and third sentences of paragraph 27 of the Complaint, and on that basis denies them.

**E. Guild's Breach of the Indemnification Obligation**

27.    Answering paragraph 27 of the Complaint Guld admits that the FDIC-R sent a letter to Guild seeking indemnification for losses arising out of alleged Guild acts and omissions.  Guild denies any and all remaining allegations of paragraph 27 of the Complaint.

28.    The first sentence of paragraph 28 of the Complaint contains only legal argument to which no response is required.  Guild is without sufficient information to admit or deny the allegations of the second and third sentences of paragraph 28 and on that basis denies them.

29.    Paragraph 29 of the complaint contains only legal argument to which no response is required.  To the extent a response to Paragraph 29 is required, Guild denies the allegations contained therein.

**CLAIM FOR RELIEF**

**(Contractual Indemnification)**

30.    Answering paragraph 30 of the Complaint, Guild incorporates by reference its responses to paragraphs 1-through 29 above

31.    Paragraph 31 of the Complaint contains only legal argument to which no answer is required.  To the extent a response to Paragraph 31 is required, Guild denies the allegations contained therein.

32.    Paragraph 32 of the Complaint contains only legal argument to which no answer is required.  To the extent a response to Paragraph 31 is required, Guild denies the allegations contained therein.

33.    Guild denies the allegations of paragraph 33 of the Complaint.

34.    Guild denies the allegations of paragraph 34 of the Complaint.

35.    Guild denies the allegations of paragraph 35 of the Complaint.

## PRAYER FOR RELIEF

36. Defendant denies that Plaintiff is entitled to any relief against Defendant on the Complaint.

## AFFIRMATIVE DEFENSES

37. For its affirmative defenses to the Complaint, and to all purported claims for relief therein, Defendant alleges on information and belief as follows:

### First Affirmative Defense

(Failure to State a Claim)

38. The Complaint and the purported claims for relief therein fail to state facts sufficient to constitute any claim for relief against Defendant.

### Second Affirmative Defense

(Statute of Limitations)

39. The Complaint and the purported claims for relief therein are barred by the applicable statute of limitation.

### Third Affirmative Defense

(Laches)

40. The Complaint and the purported claims for relief therein are barred by the doctrine of Laches, in that Plaintiff has unreasonably delayed the assertion of such claims for relief to the prejudice of Defendant.

### Fourth Affirmative Defense

(Estoppel)

41. The Complaint and the purported claims for relief therein are barred by the doctrine of estoppel as to any actions by assignor(s) prior to Plaintiff's appointment as receiver.

### Fifth Affirmative Defense

(Waiver)

42. The Complaint and the purported claims for relief therein are barred by the

doctrine of waiver as to any actions by assignor(s) prior to Plaintiff's appointment as receiver.

## Sixth Affirmative Defense

### (Damages Not Cause by Act or Omission of Defendant)

43.     Defendant alleges that if Plaintiff suffered any loss, damage, or injury, which is expressly denied, such loss, damage, or injury was not cause, either legally or proximately, by any act or omission of Defendant.

## Seventh Affirmative Defense

### (Failure to Mitigate)

44.     Defendant alleges that Plaintiff or its purported assignor, though under a duty to do so, failed and neglected to mitigate its alleged damages, if any, and therefore cannot recover against Defendant, whether as alleged or otherwise.

## Eighth Affirmative Defense

### (Full Performance and Discharge)

45.     Defendant alleges it appropriate, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## Ninth Affirmative Defense

### (Unjust Enrichment)

46.     The Complaint and the purported claims for relief therein are barred by the doctrine of unjust enrichment as to any action by assignor(s) prior to Plaintiff's appointment as receiver.

## Tenth Affirmative Defense

### (Legal Good Faith Acts)

47.     Defendants are informed and believe and thereon allege that Plaintiff is barred from recovering at all against Answering Defendant, and/or recovery must be reduced, in that all actions and/or omissions, if any, on the part of Answering Defendant was done innocently, honestly, and in good faith, and were not arbitrary, capricious, or unlawful.

1

**WHEREFORE,** Defendant prays for judgment on the Complaint as follows:

2    1.    That Plaintiff take nothing by way of the Complaint herein;

3    2.    For Defendant's costs of suit herein;

4    3.    For Defendant's reasonable attorneys' fees herein to the extent recoverable

5    under applicable law; and

6    4.    For such other and further relief as the Court deems just and proper.

7                    <u>**DEMAND FOR JURY TRIAL**</u>

8          GUILD MORTGAGE COMPANY, LLC requests a trial by jury on all issues so triable

9    in this action.

10

11   DATED: December 6, 2022                JOHNSTON | THOMAS, Attorneys at Law, PC

12

13                                    By:  *James W. Brody*

14                                         James W. Brody
                                           Richard C. O'Hare
15                                         Attorneys for Defendant
                                           GUILD MORTGAGE COMPANY, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT GUILD MORTGAGE COMPANY, LLC'S ANSWER TO**
**PLAINTIFF FDIC-R'S COMPLAINT**